[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Victoria McCarthy, a/k/a Victoria S. McCarthy, has moved to strike the third count of the complaint on the ground that it fails to state a claim upon which relief can be granted. The complaint, in three counts, alleges that the defendant, Conor Martin Architectural Woodworking, Inc. (CMAW), was extended credit, for a period of time, by the plaintiff pursuant to a written credit agreement (Exhibit A) setting forth the terms and conditions. One section of the agreement, entitled "PERSONAL GUARANTY", was signed by defendant Martin McCarthy as a "Guarantor" and as president of the corporation. Defendant Victoria S. McCarthy signed the section as "Guarantor's Spouse" and as secretary and treasurer of the defendant corporation. CT Page 2572
The third count of the complaint alleges that there is a sum of money due and owing from the defendant corporation for which defendant Victoria S. McCarthy is liable as a guarantor as evidenced by her signature on the "PERSONAL GUARANTY". The argument in support of the motion to strike is that the personal guaranty form only "lists" defendant Martin McCarthy and that signing a personal guaranty as "Guarantor's Spouse" should not be construed as incurring personal liability as a guarantor. Each argument fails to meet the threshold of reasonableness in support of this motion. The first paragraph of the guaranty begins with the word "I", followed by the word "(We)" bracketed and lists the name "Martin McCarthy". The paragraph is replete with the words "my(our)", "(we are)" none of which are crossed out to reflect the singular pronoun and goes on to state ". . .and I, (we) hereby agree to bind myself to pay you on demand any sum which may become due to you by the Company whenever the Company shall fail to pay the same. It is understood that this guaranty shall be a continuing and irrevocable guaranty and indemnity for such indebtedness of the Company. I, (We), do hereby waive notice of default, non-payment and notice thereof and consent to any modification or renewal of the credit agreement hereby guaranteed." Thereafter are the signatures of Martin McCarthy as "Guarantor" and Victoria S. McCarthy as "Guarantor's Spouse".
The guaranty form continues with the statement:
 "All amounts in arrears to be interest the rate of 1.5 percent per month until finally paid. If after any default, the holder shall place this note with an attorney for collection, then, if permitted by law, the undersigned agree to pay all costs and expenses of such action, and a reasonable attorney's fee, which fee in no event shall be less than Twenty-five ((25.00) Dollars."
followed by the corporate name and signed by Martin McCarthy, President and by Victoria S. McCarthy. Sec/Treasurer.
The motion to strike challenges the legal sufficiency of a pleading. P.B. 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108-109
(1985). In deciding the motion, the court must look to the facts alleged in the challenged pleading and accept all facts well-pleaded as true. See, King v. Board of Education, 195 Conn. 90,93 (1985). In reading the personal guaranty, in this case as in all cases concerning an agreement reduced to writing, certain long-established rules govern. The intention of the parties to the agreement must be determined from the language used in light of the situation of the parties and the circumstances surrounding the transaction. Sturman v. Socha, 191 Conn. 1, 10 (1983). CT Page 2573
Where, as here, a written agreement exists, the parties' "intention is to be determined from its language and not on the basis of any intention either may have secretly entertained." Sturman, id., quoting Robert Lawrence Associates, Inc. v. DelVecchio, 178 Conn. 1, 14 (1979). Rules of construction require that the parties intent be determined "by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." Sturman, id.
Guided by those principles, it is difficult to see how one signing a document entitled "PERSONAL GUARANTY" could be misled into believing she was signing merely as the spouse of the guarantor with neither expectation nor intention of incurring any personal liability. If the defendant's intention was merely to identify herself for informational purposes, why would a signature be required? "The court[s] will not torture words to impart ambiguity where ordinary meaning leaves no room for ambiguity." Sturman, supra at 11-12.
Absent any reason for denying the natural and ordinary meaning of the agreement and the context thereof, the motion to strike is denied.
LEANDER C. GRAY, JUDGE